## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 857 | **DATE** | 11/6/2002 |
| **CASE TITLE** | Knights Franchise Systems, Inc. Vs. Roadway Inn-Bloomington, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The motion to alter or amend the judgment is denied. That leaves open plaintiff's motion for an award of post-judgment interest, attorneys' fees and costs. With respect to fees, the parties are directed to comply with LR 54.3 and then, if possible, to agree on a briefing schedule.

(11) ■ [For further detail see order attached to the original minute order.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KNIGHTS FRANCHISE SYSTEMS, INC., | ) | |
| Plaintiff/Judgment Creditor, | ) ) ) | |
| vs. | ) ) | No. 02 C 857 |
| ROADWAY INN-BLOOMINGTON, INC., | ) ) ) | |
| Defendant/Judgment Debtor. | ) | |

NOV 7 - 2002

## MEMORANDUM OPINION AND ORDER

Vicki Cook Muhs moves to alter or amend the judgment previously entered, contending that the partial assignment and note to her is valid because it was supported by consideration. She argues that the funds that support the assignment were paid by Betty Potasnak and Vicki's husband, Dallas.

This is a wholly new and untimely argument. But even if it were timely it would not prevail. We note, first, that there is absolutely nothing tying Dallas' earlier mortgage payments and the earlier tax payments by a company largely owned by Potasnak to the later assignment to Vicki other than a lawyer's latter-day assertion that those payments should be considered as third party consideration for the assignment.

Further, the assignment is from Roadway, the debtor. Roadway was presumed insolvent at the time – it could not pay its debt to plaintiff as it became due. 740 ILC 160/3b. If it had paid Dallas and Potasnak for antecedent debts it would have been a transfer to insiders who had reasonable cause to believe the debtor was insolvent. 740 ILCS 160/6. Even if we assume that Vicki was somehow unaware of Roadway's financial condition, which very

44

much strains credulity, the same cannot be said of Dallas and Potasnak. Dallas was the president of Roadway and Potasnak owned over 80% of the company operating the motel. Both, directly or through the operating company, advanced funds to meet pressing obligations in an effort to keep the enterprise afloat. Clearly, they could not have Roadway prefer them and they cannot somehow legitimize that preference by lending their consideration to Vicki (who, we also note, deposited the funds she received in a joint checking account with Dallas).

The motion to alter or amend the judgment is denied. That leaves open plaintiff's motion for an award of post-judgment interest, attorneys' fees and costs. With respect to fees, the parties are directed to comply with LR 54.3 and then, if possible, to agree on a briefing schedule.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 6, 2002.